UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN J. SILVER,

                Plaintiff,

vs.                          Case No. 2:08-cv-815-FtM-29SPC

CHRISTY M. WASHAUSEN,

                Defendant.
_____

## **OPINION AND ORDER**

This matter comes before the Court *sua sponte* on review of plaintiff's Complaint for Damages (Doc. #1) filed on October 23, 2008.

Construed liberally due to plaintiffs' *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), plaintiff Steven J. Silver (plaintiff or "Silver") seeks actual damages in the amount of $818.00, punitive damages in excess of $75,000, and legal costs, in connection with a series of child custody-related events that took place in early September, 2008. Plaintiff alleges: (1) Actual Damages (First Cause of Action); (2) Intentional Infliction of Emotional Distress (Second Cause of Action); and (3) Deformation of Character (Third Cause of Action).

## A. "Shotgun" Pleading

Initially, the Court notes that the Complaint is a "shotgun" complaint of the type condemned by the Eleventh Circuit. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors,

leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002). Therefore, the Complaint will be dismissed, without prejudice and with leave to amend, on this basis.

**B. Jurisdiction**

Upon review of the Complaint, it also appears that plaintiff has failed to sufficiently allege that the Court has jurisdiction over the case. A district court has subject matter jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332. Section 1332(a) requires: (1) that the parties be citizens of different states and (2) that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. <u>E.g.</u>, <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1261 (11th Cir. 2000). Here, plaintiff has failed to satisfy either of the two requirements. The Complaint alleges that the parties are "residents" of different states (<u>see</u> Doc. #1, ¶¶ 1, 2), rather than alleging that the parties are "citizens" of different states, as is necessary to satisfy the first requirement of Section 1332(a). Also, in the Complaint, plaintiff asserts "Actual Damages" in the amount of $818.00, for airline tickets, a rental car, and lodging (<u>see</u> Doc. #1, ¶¶ 11-15). In the remainder of the Complaint, plaintiff asserts the following: that he "has and continues to suffer severe emotional distress and damage to his reputation in an amount to be proven at trial, but estimated to exceed $75,000," (<u>see id.</u> at ¶

19); that his character has "been damaged in an amount to be proven at trial, but estimated to exceed $75,000," (see id. at ¶ 25); and that punitive damages should be awarded in excess of $75,000 (see id. at pp. 4-5). The Court is not convinced that plaintiff has sufficiently alleged an amount in controversy exceeding $75,000, as is necessary under the second requirement of Section 1332(a).

**C.  Venue**

Finally, the Court notes that plaintiff fails to allege that venue is proper in the U.S. District Court for the Middle District of Florida. 28 U.S.C. § 1391(a) provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The Complaint does not address the issue of venue.

**D.  Other Pleading Requirements**

As plaintiff is proceeding *pro se*, the Court will take this opportunity to further explain some of the responsibilities and obligations that he bears as a *pro se* party. In filing an amended Complaint, plaintiff must conform to the pleading requirements of Federal Rules of Civil Procedure 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct,

numbered paragraphs. The document should be titled "Amended Complaint." In the body of the Amended Complaint, plaintiff should clearly describe how the named defendant is involved in the alleged claim. Plaintiff must provide support in the statement of facts for each of the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must provide support for each of the alleged claims by stating facts sufficient to provide grounds for his claimed entitlement to relief.[1]

Accordingly, it is now

**ORDERED**:

Plaintiff's Complaint for Damages (Doc. #1) is **dismissed without prejudice** with leave to file an "Amended Complaint" within **TWENTY (20) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___21st___ day of May, 2009.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Parties of record

---

[1]"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.